# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN BORENSTEIN,

        Plaintiff,

vs.

EMERALD SUITES,

        Defendant.

Case No. 2:17-cv-01341-JCM-CWH

**SCREENING ORDER AND REPORT AND RECOMMENDATION**

Presently before the court is pro se Plaintiff Brian Borenstein's application to proceed *in forma pauperis* (ECF No. 1), filed on May 11, 2017. Also before the court are various case-initiating documents (ECF No. 1-2), filed on the same date. Also before the court is Plaintiff's motion to stay eviction (ECF No. 3), filed on May 15, 2017.

## I. *IN FORMA PAUPERIS* APPLICATION

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

## II. SCREENING COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff did not submit a complaint to the court. Instead, he filed various documents including a letter to Senator Masto stating that he is disabled, that he is in the process of being evicted from his apartment at the Emerald Suites, and describing issues with methamphetamine labs and other problems he has encountered while living there. (*See* ECF No. 1-1 at 1.) He also submitted a five-day notice to pay rent, a state court docket sheet relating to summary eviction proceedings brought by Emerald Suites against Plaintiff, Social Security records, a receipt of a payment to Emerald Suites, TD Ameritrade account statements, and various other documents. (*Id.* at 2-29.) The court construes this assortment of documents as a complaint.

Liberally construing these documents, the court understands Plaintiff to be attempting to bring claims related to an eviction from his apartment at the Emerald Suites. Given that Plaintiff did not file a formal complaint, however, the court has not been provided with any factual allegations, such as the general circumstances surrounding the eviction or the reasons Plaintiff contends it was unlawful. Additionally, Plaintiff does not include any statement of the grounds for the court's jurisdiction in this case. Without factual allegations regarding the underlying dispute between Plaintiff and Emerald Suites, the court cannot evaluate whether Plaintiff's complaint states

a claim against this party. The court therefore will recommend dismissal of Plaintiff's complaint without prejudice for the Plaintiff to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case, the defendant's involvement in the case, and the approximate dates of its involvement. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give a defendant fair notice of the Plaintiff's claims against it and Plaintiff's entitlement to relief.

The amended complaint also must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Regarding jurisdiction, Plaintiff is advised that "[f]ederal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**III.    MOTION TO STAY EVICTION**

Plaintiff's motion to stay the eviction states that he is disabled and requests that the court stay his eviction under the ADA. He further states that he cannot write well and that he has no help. To the extent Plaintiff requests injunctive relief in the form of an order staying his eviction,

the court will recommend that this request be denied without prejudice for Plaintiff to refile the motion after he files an amended complaint.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 1-1).

IT IS RECOMMENDED that the complaint (ECF No. 1-1) be DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff be given a deadline to file an amended complaint.

IT IS FURTHER RECOMMENDED that Plaintiff's motion to stay eviction (ECF No. 3) be DENIED without prejudice.

DATED: May 17, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**